UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

UNITED STATES OF AMERICA,                        :

   -against-

                                                   :    Docket No.  23-CR-610 (PKC)

WILSON DANIEL FREITA DA COSTA
------------------------------------------------------------------ X


# MEMORANDUM OF LAW IN SUPPORT OF
# NON-PARTY LESLIE NELSON'S MOTION TO
# INTERVENE AND TO REDACT OR ANONYMIZE
# REFERENCES TO HIM IN CERTAIN PUBLIC FILINGS


March 17, 2025

Eric M. Creizman (EC7684)
Morrison Cohen LLP
909 Third Avenue, Fl. 27
New York, New York 10022
Tel.: (212) 735-8640
Email: ecreizman@morrisoncohen.com
Attorneys for Non-Party Movant Leslie Nelson

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................... 1

ARGUMENT ........................................................................................................................................ 5

    I.    MR. NELSON SHOULD BE PERMITTED TO INTERVENE TO PROTECT HIS RIGHTS TO PRIVACY AND TO DUE PROCESS. ............................................................................................................ 5

    II.    REFERENCES TO MR. NELSON IN POST-TRIAL FILINGS SHOULD BE REDACTED OR ANONYMIZED. ............................................................................................................................. 6

        A.    Legal standards applicable to this motion. ..................................................................... 6

        B.    Mr. Nelson's due process and privacy interests warrant the redaction or anonymization of any references to his name in the Government's Opposition, the Court's Opinion, and in future public filings in this case. ...................................................................................... 7

CONCLUSION ................................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In Re New York Times Co.,* 708 F.Supp. 603 (S.D.N.Y. 1989)……………………….………....5

*In re Smith*, 656 F.2d 1101 (5th Cir. 1981)……………………………………………….1, 8, 9, 10

*Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006)………………………………………6, 7

*United States v. Anderson,* 55 F.Supp.2d 1163 (D. Kan. 1999)………………………… ...7, 8, 10

*United States v. Aref*, 533 F.3d 72 (2d Cir. 2008)……………………………………………...5

*United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995) ("*Amodeo I*")……………………………..6

*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")………………….6, 7

*United States v. Falzarano*, 2024 WL 2131735 (D. Conn. May 13, 2024)……………………….5

*United States v. Henderson*, 2012 WL 787575 (N.D. Okla. Mar. 9, 2012)………………...7, 8, 11

*United States v. Martoma*, 962 F.Supp.2d 602 (S.D.N.Y. 2013)…………………………………5

*United States v. Michel*, 2019 WL 5790115 (D.D.C. Nov. 6, 2019)…………………………….11

*United States v. Milton***,** 626 F.Supp.3d 694 (S.D.N.Y. 2022)………………………………….5

*United States v. RMI Co.*, 599 F.2d 1183 (3d Cir. 1979)……………………………………….5

*United States v. Smith*, 992 F.Supp. 743 (D.N.J. 1998)………………………………………….11

**Other Authority**

Justice Manual § 9-27.760 (updated Feb. 2024)…….………………………………………….1

Non-party Leslie Nelson, by his attorneys, respectfully submits this memorandum of law in support of his motions to intervene and to redact or anonymize references to his name in public court filings under Rule 49.1 of the Federal Rules of Criminal Procedure. Specifically, Mr. Nelson seeks an order: (i) redacting or anonymizing references to him in the government's memorandum of law in opposition to Wilson Daniel Freita Da Costa's post-trial motions (ECF No. 82 at 4, 9, 10, 16) (the "Government's Opposition Brief") and in the Court's Opinion and Order dated February 14, 2025 (ECF No. 91 at 7, 8) (the "Court's Opinion"); and (ii) requiring that any references to Mr. Nelson in future public filings in this case be redacted or anonymized. In addition, if the Court grants this motion, Mr. Nelson respectfully requests that the Court order all papers filed in connection with this motion to be sealed from the public docket.

## PRELIMINARY STATEMENT

Public allegations by the government that an unindicted party engaged in criminal wrongdoing implicates due process concerns for that party. As one court observed, "no legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights." *In re Smith*, 656 F.2d 1101, 1106 (5th Cir. 1981). The Department of Justice recognizes that salient principle and admonishes its prosecutors "to remain sensitive to the privacy and reputation interests of uncharged parties." Justice Manual § 9-27.760 ["Limitation on Identifying Uncharged Parties Publicly"] (updated Feb. 2024).[1] "In the context of public plea and sentencing proceedings, this means that, in the absence of some significant justification, it is not appropriate to identify (either

---

[1] *Available at* https://www.justice.gov/jm/jm-9-27000-principles-federal-prosecution#9-27.760.

by name or unnecessarily specific description), or cause a defendant to identify, a party unless that party has been publicly charged with the misconduct at issue." *Id.*

In this case, before trial, the government identified Mr. Nelson as an unindicted co-conspirator, but never by name in public filings. In all pretrial filings, the government scrupulously referred to Mr. Nelson as "GE Employee-1," consistent with the Justice Manual's guidance.[2] At trial, however, the government publicly identified Mr. Nelson as an unindicted coconspirator in order to admit Mr. Nelson's out-of-court statements, including in text messages and emails, at trial. In addressing whether a remedy is warranted for a third party publicly identified as an unindicted coconspirator, courts generally have balanced the interests of the third party against the government's interests. If there is a legitimate government interest in publicly naming the uncharged party, such as at trial for evidentiary purposes, courts generally deny the third party any remedy. Where, as here, the government has no legitimate reason to identify the third party in non-trial public filings, or its interest is outweighed by the third party's privacy and reputational interests, courts have stricken references to the third party.

Given the important governmental interest in proving its case at trial, which includes the admitting co-conspirator statements into evidence under Fed. R. Evid. 801(d)(2)(e), Mr. Nelson does not seek to redact or anonymize his name in trial transcripts or exhibits. Instead, he requests that his name be redacted or anonymized in post-trial filings, including in the Government's Opposition Brief and in the Court's Opinion. The Government's Opposition Brief refers to Mr. Nelson 11 times, each publicly implicating him in specific criminal conduct. The government has no articulable interest in publicly accusing Mr. Nelson of wrongdoing in its

---

[2] *See, e.g.,* Gov't Motion *in Limine* (ECF No. 43) at 11, 14, 17, 18; Gov't Opp. to Da Costa's Motion *in Limine* (ECF No. 55) at 12, 13, 15, 16.

post-trial motion papers. Indeed, Mr. Da Costa's post-trial motion papers do not mention Mr. Nelson even once, and none of the government's arguments in its Opposition Brief require specifically mentioning Mr. Nelson's name. Indeed, ten of the eleven references to Mr. Nelson in the Government's Opposition brief appear in the factual background section.

The fact that Mr. Nelson's name has already appeared in trial exhibits or was previously referred to in witness testimony should not affect the analysis here. Republicizing the allegation that Mr. Nelson engaged in criminal wrongdoing, whether in post-trial motions or at sentencing, unwarrantedly causes damage to Mr. Nelson's reputation and impacts his ability to do business, earn a living, and support his family. The newly publicized allegations of Mr. Nelson's wrongdoing can reach new audiences who did not attend or follow the trial. Moreover, there is no explanation in the Government's Opposition Brief that: (i) Mr. Nelson was not charged with any crime; (ii) as a result, Mr. Nelson has no forum to contest or otherwise address the allegations in the Government's Opposition Brief; and (iii) the allegations in that brief are relevant only to the case against Mr. Da Costa and in responding to Mr. Da Costa's motions, but have no legal significance whatsoever as to Mr. Nelson.

The government's specific references to Mr. Nelson in its Opposition Brief resulted in Mr. Nelson being named in the Court's Opinion, which reflects the Court's finding that Mr. Nelson received a $5 million kickback for his involvement in the Angola Fast Power Deal. ECF No 91 at 7. While this and other findings involving Mr. Nelson in the Court's Opinion concern Mr. Da Costa's motion only, laypersons who review the Court's Opinion likely will not understand that Mr. Nelson: (i) was not charged with the offense; (ii) has no forum in which to contest the government's allegations or the Court's findings; and (iii) the Court's findings have no legal significance whatsoever as to Mr. Nelson.

The Court's Opinion and the Government's Opposition Brief has been disseminated in Mr. Nelson's business circles, and Mr. Nelson's associates and colleagues have expressed concern about the Court's findings and the government's arguments.[3]  Furthermore, after reviewing the Court's Opinion and the Government's Opposition Brief, a close friend and advisor of Mr. Nelson recommended that he not pursue a position as a corporate officer because a background investigation by the prospective employer will uncover those documents.[4]  In addition, since last week, a reporter has repeatedly contacted Mr. Nelson for comment regarding the references to him in the Court's Opinion and the Government's Opposition Brief.[5]  Mr. Nelson is understandably troubled by the potential injury to his reputation from being identified in those documents as having participated in criminal wrongdoing with Da Costa.  He fears that any future filings in this case might further besmirch his reputation and adversely impact his business and employment prospects.[6]

Now that the trial is over and the government was able to use Mr. Nelson's statements to prove its case against Mr. Da Costa, the republishing of evidence that Mr. Nelson participated in crimes—without any present government interest in doing so—militates in favor of redacting or anonymizing all references to Mr. Nelson in the post-trial documents that already have been filed, and in the parties' future filings in this case, including sentencing submissions.

For all these reasons and the reasons set forth below, we respectfully request that the Court order redacted or anonymized all instances of Mr. Nelson's name in the Government's Opposition Brief and in the Court's Opinion, and to further order that the parties redact or

---

[3] *See* Declaration of Leslie Nelson, dated Mar. 16, 2025 ("Nelson Decl." ¶ 2) ¶ 5.
[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 8.

4

anonymize any references to Mr. Nelson in sentencing submissions and other future filings in this case.[7]

# ARGUMENT

**I.   Mr. Nelson should be permitted to intervene to protect his rights to privacy and to due process.**

"The Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case."  *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *see also In Re New York Times Co.* 708 F.Supp. 603, 604 (S.D.N.Y. 1989) (Fed. R. Civ. P. 24, which allows for intervention in civil cases, "has no applicability to criminal cases.").  Nevertheless, courts generally permit third parties to intervene in pending criminal cases to protect their rights and seek protective orders.  *See, e.g., United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979) ("[I]t is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders . . . ."); *United States v. Martoma*, 962 F.Supp.2d 602, 604-05 (S.D.N.Y. 2013) (granting cooperating witness' motion to intervene where cooperating witness sought to challenge the production of privileged communications to the defendant); *United States v. Milton*, 626 F.Supp.3d 694, 699-700 (S.D.N.Y. 2022) (granting third-party corporation's motion to intervene to challenge the government's production of privileged communications); *United States v. Falzarano*, 2024 WL 2131735, at *2 (D. Conn. May 13, 2024) (permitting non-party to intervene to move to seal or redact certain exhibits on privacy grounds).

---

[7] In addition, to ensure that Mr. Nelson's privacy and due process interests are adequately protected, Mr. Nelson respectfully requests that if the Court grants this motion, it also order all papers filed in connection with this motion to be sealed from the public docket.

5

Here, Mr. Nelson seeks to intervene in order to request that the Court redact or anonymize references to him in certain public filings that argue or purport to make findings that he participated in the criminal wrongdoing with Mr. Da Costa. As set forth below, courts have recognized that publicly naming an unindicted third party as a coconspirator implicates that individual's rights to due process and privacy. Accordingly, Mr. Nelson's motion to intervene for the limited purpose of moving to redact or anonymize references to his name in the Government's Opposition Brief, the Court's Opinion, and in future filings should be granted.

**II.     References to Mr. Nelson in post-trial filings should be redacted or anonymized.**

**A.     Legal standards applicable to this motion.**

Judicial documents are subject to a presumptive right of public access. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). To determine whether the presumption applies to a particular record, courts in this Circuit engage in a three-step inquiry. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). *First*, the court must evaluate whether the record at issue is a "judicial document," to which the presumption of public access attaches. *Id.* at 119. A judicial document is one that has been placed before the court by the parties and that is "relevant to the performance of the judicial function and useful in the judicial process. . . ." *Amodeo I*, 44 F.3d at 145. *Second,* if the record is determined to be a judicial document, the court must determine "the weight of the presumption of access" to that document. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("*Amodeo II*"). The presumptive right of access is afforded "strong weight" when applied to documents that play a central role in "determining litigants' substantive rights—conduct at the heart of Article III. *Id.* at 1049. *Third*, the court must identify all of the factors that counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access. *Id.* at 1050. The "privacy interests of innocent third parties . . . should weigh heavily in a court's

6

balancing equation." *Id.* Such privacy interests establish a "venerable common law exception to the presumption of access." *Id.* at 1051.

Mr. Nelson concedes that the documents in which he requests redactions constitute judicial documents and that the presumptive right of public access with respect to those documents is strong. Mr. Nelson submits, however, that with respect to those filings, his interests in due process and privacy substantially outweighs the public's interest in knowing that the government considers Mr. Nelson an unindicted coconspirator and that it interprets certain evidence to establish that Mr. Nelson committed crimes with Mr. Da Costa. After all, Mr. Nelson was not charged here and he is entitled to the presumption of innocence. The references to Mr. Nelson in Government's Opposition Brief and in the Court's Opinion asserting that Mr. Nelson engaged in criminal conduct deprives him of the presumption of innocence and threatens to damage his reputation as well as his business and employment prospects.

In these circumstances, Mr. Nelson's request that his name be redacted or anonymized in the Government's Opposition Brief, in the Court's Opinion, and in future public filings is both warranted and narrowly tailored to protect his interests. *See, e.g., Lugosch*, 435 F.2d at 120 ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quotations and citations omitted).

**B.    Mr. Nelson's due process and privacy interests warrant the redaction or anonymization of any references to his name in the Government's Opposition, the Court's Opinion, and in future public filings in this case.**

Due process concerns are implicated when the government identifies an unindicted coconspirator in a public filing because the individual identified is accused of participating in a crime but is not afforded any forum in which he can try to vindicate himself. *See, e.g., United States v. Henderson*, 2012 WL 787575, *5 (N.D. Okla. Mar. 9, 2012); *United States v. Anderson,*

7

55 F.Supp.2d 1163, 1168-69 (D. Kan. 1999); *In re Smith*, 656 F.2d at 1106-07. In determining whether due process requires that the unindicted individual be provided a remedy (and if so, what that remedy should be), courts balance the private harms suffered by the individual with the government's interest in publicly identifying that individual. *Henderson*, 2012 WL 787575 at *5l; *Anderson*, 55 F.Supp.2d at 1168. Here, the potential harm to Mr. Nelson of being publicly identified by the government and the Court as having unlawfully accepted a $5 million kickback is substantial. Such public allegations are substantially likely to cause damage to Mr. Nelson's reputation and his business and employment interests, and to adversely impact his family members. Mr. Nelson's interests here substantially outweigh the legitimate interests of the government or the public in publicly reviewing allegations in post-trial filings that Mr. Nelson participated in criminal wrongdoing, especially given that Mr. Nelson was not charged with the offense and cannot challenge those allegations in any forum.

The Fifth Circuit's decision in *In re Smith* is instructive. *See In re Smith*, 656 F.2d at 1101. *Smith* arose out of a wide-ranging criminal investigation into bribery of employees of the Army and Air Force Exchange Service (AAFES), which purchased billions of dollars of merchandise each year for resale to military personnel. *Id.* at 1102. In connection with two separate guilty plea hearings, the government submitted a written factual summary of the offense conduct naming Smith, then the head of AAFES, as one of several recipients of bribes. *Id.* at 1103. After each of the plea hearings, the news media reported that Smith was implicated in the bribery scheme and that "as a matter of public and official courtroom record, Mr. Smith had been paid bribe monies by various businesses dealing with AAFES." *Id.* at 1104.

Smith intervened in the criminal cases and moved to seal the record or strike any mention of his name from the offense summaries and the record. *Id.*[8] Smith argued, as Mr. Nelson does here, the offense summaries implicating him in criminal conduct severely damaged his reputation and that he had no legal forum in which to challenge the accusations. *Id.* Conversely, the government had no legitimate interest in identifying him in the offense summaries. *Id.* The district court denied Smith's motions, agreeing with the government that the damage to Smith's reputation already had been done and that "any relief of which the Court could grant would be a 'fruitless gesture." *Id.* at 1105.

The Fifth Circuit reversed, ordering the district court to "completely and permanently obliterate and strike" Smith's name from the records of the plea hearings, including the offense summaries "to undo the harm" caused to Smith. *Id.* at 1107. The Court reasoned that "no legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights." *Id.* at 1106. At the same time, mentioning Smith's name in the offense summaries was neither relevant nor necessary to the court's acceptance of the plea. *Id.* at 1106-07. According to the Court,

> Regardless of what criminal charges may have been contemplated . . . against the Petitioner for the future, we completely fail to perceive how the interests of criminal justice were advanced at the time of the plea hearings by such an attack on Petitioner's character. The presumption of innocence, to which every criminal defendant is entitled, was forgotten by the Assistant United States Attorney in drafting and reading aloud factual resumes which implicated the Petitioner in criminal conduct without affording him a forum for vindication.

*Id.* at 1107.

---

[8] Although Smith's motion papers were publicly filed, he requested that his motion papers be sealed if the Court granted the requested relief, which the court did. *Id.* at 1104, 1107. Mr. Nelson seeks the same relief here. *See supra* n. 7.

Likewise, in *United States v. Anderson*, 55 F.Supp.2d 1163 (D. Kan. 1999), three health care attorneys moved to intervene in a criminal case to redact references to them as unindicted coconspirators in the government's pretrial motion papers on the basis that the publicity from being so identified injured their reputations. For the same reasons, they also moved to strike all references to them from the record at trial. *Id.* at 1165, 1168. With respect to their motion concerning the government's pretrial motion papers, the court agreed that the attorney's due process rights were violated and ordered that all references to the attorneys in those papers be "completely and permanently strike(n)." *Id.* at 1170. The court reasoned that "[t]he very real stigmatization suffered by the movants from this government action far outweighs the nonexistent government interest in publicly naming them as coconspirators." *Id.* at 1168.

The court, however, denied the attorneys' motion to strike their names from the record at trial, however, reasoning that the government had a substantial interest in identifying the attorneys as coconspirators in order to admit statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence. *Id.* at 1169. At trial, "[t]he governmental interest outweighed the movants' private injuries because their private injuries, while important, must yield to the proper administration of criminal justice under these circumstances." *Id.*

The reasoning in both *Smith* and *Anderson* applies here. While the government may have once needed to argue and identify Mr. Nelson as a co-conspirator to establish the existence of a conspiracy at trial, that trial need has long dissipated. The government has no legitimate interest in continuing to refer to Mr. Nelson by name in public post-trial briefs. Even assuming the government has an interest in continuing to identify Mr. Nelson as a coconspirator in public filings, the continuing harm to Mr. Nelson's reputation substantially outweighs any such interest. *See, e.g. Smith*, 656 F.2d at 1106-07; *Anderson*, 55 F.Supp.2d at 1168-69. *See also, e.g.,*

*Henderson*, 2012 WL 787575, at *5-*6 (after balancing the interests of the movant and the government, granting third party's motion to seal pretrial motion papers identifying him as a coconspirator, but denying movant's request to expunge his name from all documents in the trial record); *United States v. Smith*, 992 F.Supp. 743, 749-751 (D.N.J. 1998) (striking government's sentencing memorandum that specifically identified unindicted third parties as having participated with defendant in the charged offense and in relevant conduct). *Cf. United States v. Michel*, 2019 WL 5790115, at *1, *3 (D.D.C. Nov. 6, 2019) (granting government's motion to redact names of unindicted coconspirators from pretrial briefing "to protect them from due process concerns, untoward attention, and undue scrutiny as well as to protect ongoing government investigations").

      The identification of Mr. Nelson in the Government's Opposition Brief and in the Court's Opinion has already reached colleagues and business partners of Mr. Nelson and has attracted the attention of the press. *See* Nelson Decl., dated March 14, 2025 ¶¶ 6-7. The continued dissemination of those documents or future submissions publicly accusing Mr. Nelson as having participated in wrongdoing threatens to cause further injury to his reputation and lost business and employment opportunities, thus impacting his ability to support his wife and two young children. *Id.* ¶¶ 1, 8. Accordingly, we respectfully request that the Court grant Mr. Nelson's motion to redact or anonymize his name in the government's opposition brief (ECF No. 82) and the Court's Opinion and Order (ECF No. 91), and to order the parties to redact or anonymize any references to Mr. Nelson in future filings in this case.

## CONCLUSION

      Because the interests of the government and the public in publicly identifying Mr. Nelson as a coconspirator in post-trial and sentencing submissions are outweighed by Mr. Nelson's rights to due process and privacy, we respectfully request that the Court order that:

11

(i)     the references to Mr. Nelson in the government's papers in opposition to Da Costa's post-trial motions (ECF No. 82 at 4, 9, 10, 16) and in the Court's Opinion and Order (ECF No. 91 at 7, 8) redacted or anonymized;

(ii)     any references to Mr. Nelson in sentencing submissions or other post-trial filings be redacted or anonymized; and

Furthermore, if the Court grants this motion, we respectfully request that the Court seal Mr. Nelson's motion papers and any other papers filed in connection with this motion.

Dated: New York, New York
March 17, 2025

Respectfully submitted,

/s/ Eric M. Creizman
Eric M. Creizman (EC7684)
MORRISON COHEN LLP
909 Third Avenue, Fl 27
New York, New York 10022
Tel.: (212) 735-8640
Email: ecreizman@morrisoncohen.com